IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MITAL PATEL, as Special Administrator of the Estate of ANKIT PATEL, deceased, <br>     Plaintiff, <br><br> v. <br><br> YRC, INC., Individually, and as an Employer and principal of THOMAS R. JACOBS, and THOMAS R. JACOBS, Individually, and as an employee and agent of YRC, INC., <br><br>     Defendants. | Case No. 21-cv-2253 <br><br> Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

This case arises from the death of Ankit Patel following a vehicle accident with a tractor-trailer in December 2020. Plaintiff Mital Patel, as Special Administrator of the Estate of Ankit Patel, brings this action, naming as defendants the operator of the tractor-trailer, Thomas Jacobs, and Jacobs' employer, YRC, Inc. Currently before the Court is Defendants' motion to dismiss [10] Count II of the Complaint [1-1] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, and based on the current state of the record, the Court grants Defendants' motion [10] and dismisses Count II of the Complaint. However, Plaintiff may file a motion for reconsideration should later developments call into doubt YRC's susceptibility to *respondeat superior* liability. A joint status report remains due on April 1, 2022. [See 17].

I.   Background[1]

On December 12, 2020, Ankit Patel was fatally injured in a motor vehicle accident. See [1-1 (Compl.) at ¶ 21]. The Complaint alleges that a tractor-trailer owned by YRC, Inc. violently collided with the decedent's vehicle. [*Id.*]. The Complaint further alleges that the operator of the tractor-trailer, Thomas Jacobs, was "operating the tractor-trailer under the authority and control of his employer or contractor, * * * defendant YRC," "operating the trailer with the consent and authorization of Defendant YRC," and "operating the tractor-trailer in the course and scope of his employment with defendant YRC." [*Id.* at ¶¶ 16–18].

According to the Complaint, the fatal collision was caused by Defendants' negligence. For example, the Complaint states that Defendant YRC, through Jacobs, had a duty to "own, operate, maintain, and control its tractor-trailer in a manner so as not to negligently cause injury to persons lawfully on the public way," [1-1 (Compl.) at ¶ 19], but notwithstanding that duty "YRC, through its agent or employee * * * Jacobs, did own, operate, maintain, and control the tractor-trailer in a dangerous and negligent manner," [*id.* at ¶ 20].

Plaintiff Mital Patel, as Special Administrator of the Estate of Ankit Patel, filed the instant lawsuit against Defendants YRC, Inc. and Jacobs in state court. See [1-1 (Compl.)]. YRC, Inc. and Jacobs, citizens of Delaware and Wisconsin, respectively, removed the three-count complaint on the basis of diversity jurisdiction, 28 U.S.C. § 1332. See [1 (Notice of Removal)].

Relevant to the instant motion, Count I asserts wrongful death against Defendant YRC, seeking to hold YRC vicariously liable for Defendant Jacobs' negligence under the theory of

---

[1] In resolving this motion, the Court assumes the truth of the well-pleaded factual allegations in Plaintiff's pleadings, though not her legal conclusions, and draws all reasonable inferences in her favor. See *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014); *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). The facts are set forth as favorably to those parties as those materials allow. See *Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014).

2

*respondeat superior*. See [1-1 (Compl.) at 3, ¶¶ 15–23]. Count II alleges that YRC is directly liable for YRC's negligent hiring, training, supervision, and retention of Defendant Jacobs. See [*Id.* at 5, ¶¶ 15–22].

On June 1, 2021, Defendants filed an answer and affirmative defense [9]. In their Answer, Defendants admit that YRC "owned the 2016 Volvo only" (not the trailer) involved in the accident. See [*id.* at ¶ 12]. Defendants further admit that Jacobs was operating the vehicle and that "Defendant [Jacobs] was operating the tractor-trailer with the consent and authorization of Defendant YRC." [*Id.* at ¶ 17]. They also admit that "[Jacobs] was operating his vehicle under the authority granted to Defendant YRC by the USDOT." [*Id.* at ¶¶ 16, 18]. Simultaneous to filing its answer, Defendants filed the instant motion [10] seeking dismissal of Count II of the Complaint [1-1].

## II.     Legal Standard

Defendants moved to dismiss Count II of the Complaint under Federal Rule of Civil Procedure 12(b)(6). See [10]. However, the motion requires the Court to take into consideration the admissions in Defendants' answer. "Rule 12(h)(2) expressly authorizes a party to file a motion to dismiss for failure to state a claim pursuant to Rule 12(c), which permits the filing of a motion for judgment on the pleadings '[a]fter the pleadings are closed—but early enough not to delay trial.'" *Saunders-El v. Rohde*, 778 F.3d 556, 559 (7th Cir. 2015) (quoting Fed. R. Civ. P. 12(c), (h)(2)). The Seventh Circuit has recognized that "[a] motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one." *Id.* (quoting *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1115 (7th Cir. 1970) (alteration in original)). See, *e.g.*, *Forseth v. Village of Sussex*, 199 F.3d 363, 368 n.6 (7th Cir. 2000) (noting

3

that where a defendant has filed an answer and then moves to dismiss a claim, the motion is properly construed as a motion under Rule 12(c)).

Thus, the Court construes the motion as a motion for judgement on the pleadings under Rule 12(c). See, *e.g.*, *Gilliam-Nault v. Midvest Transp. Corp.*, 2019 WL 2208287, at *1 (N.D. Ill. May 22, 2019). "A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014); *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (same). "Resolution of the case pursuant to Rule 12(c) is appropriate only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Forseth*, 199 F.3d at 368 (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989)). "[I]f it appears that discovery is necessary to fairly resolve a claim on the merits, then the motion for judgment on the pleadings must be denied." *Federal Deposit Ins. Corp. v. FBOP Corp.*, 252 F. Supp. 3d 664, 672 (N.D. Ill. 2017).

**III.     Analysis**

Defendants argue that the Court must dismiss Count II of Plaintiff's Complaint because Plaintiff may not maintain a claim for negligent hiring, retention, entrustment, or training against an employer when the employer admits responsibility for the conduct of the employee under *respondeat superior*. [10 (Defs.' Mot. to Dismiss) at ¶ 6]. Plaintiff did not oppose Defendant's motion, and thus it has waived any argument to the contrary. See *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) ("Because they did not provide the district court with any basis to decide their claims[] and did not respond to the [opponent's] arguments, these claims are waived"). But Plaintiff's concession appears to have been wise in the present circumstances, because dismissal of Count II is appropriate here under applicable Illinois law.

4

"[S]tate law provides the substantive law in a diversity action," so the Court must look to Illinois negligence law. *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). Under Illinois law, "once an employer admits responsibility under *respondeat superior*, a plaintiff may not proceed against the employer on a theory of negligent hiring, negligent retention[,] or negligent entrustment." *Gant v. L.U. Transp., Inc.*, 770 N.E.2d 1155, 1160 (Ill. App. Ct. 2002) (citing *Ledesma v. Cannonball, Inc.*, 538 N.E.2d 655 (Ill. App. Ct. 1989); *Neff v. Davenport Packing Co.*, 268 N.E.2d 574 (Ill. App. Ct. 1971)).

In this case, dismissal of Count II is appropriate because Defendant YRC has admitted, and thus likely would be judicially estopped from denying, responsibility for Defendant Jacobs' conduct under *respondeat superior*. Defendant YRC admitted in its answer that (1) it owned the 2016 Volvo tractor involved in the accident on December 12, 2020; (2) Jacobs operated the vehicle at the time of the incident; (3) Jacobs "was operating the tractor-trailer with the consent and authorization of Defendant YRC"; and (4) Jacobs was operating the vehicle pursuant to the authority granted to YRC by the U.S. Department of Transportation. [9 (Defs.' Answer & Affirmative Defense) at ¶¶ 8, 12–13, 16–18]; [10 (Defs.' Mot. to Dismiss) at ¶ 5].

Under Illinois law, an employer may be subjected to liability under *respondeat superior* if the employee's conduct (1) is of the kind he is employed to perform; (2) occurs substantially within the authorized time and space limits; and (3) it is actuated, at least in part, by a purpose to serve the master. See *Pyne v. Witmer*, 543 N.E.2d 1304, 1308 (Ill. 1989) (citing Restatement (Second) of Agency § 228 (1958)). Based on YRC's admissions,[2] it would be subject to *respondeat superior*

---

[2] In its answer and affirmative defense [9], YRC only "admit[s] [Jacobs] was operating his vehicle under the authority granted to Defendant YRC by the USDOT" and "operating his vehicle under the authority granted to Defendant YRC by the USDOT." [9 at ¶¶ 16, 18]. YRC neither admits nor denies the allegation that "YRC's tractor-trailer was being driven and operated by its agent and servant, Defendant Jacobs." [*Id.* at ¶ 13]. (Footnote continues to next page).

5

liability if Jacobs was in fact found to be negligent. In other words, YRC has admitted it may be held vicariously liable for any negligence Jacobs is found to have committed, which forecloses Count II of Plaintiff's Complaint. See *Gant*, 770 N.E.2d at 1160; *Gilliam-Nault*, 2019 WL 2208287, at *2.

### III. Conclusion

Based on the current state of the record, the Court grants Defendants' motion [10] and dismisses Count II of the Complaint. However, Plaintiff may file a motion for reconsideration should later developments call into doubt YRC's susceptibility to *respondeat superior* liability. A joint status report remains due on April 1, 2022. [See 17].

Dated: March 23, 2022

Robert M. Dow, Jr.
United States District Judge

---

Similarly, YRC neither admits nor denies the allegations of the Complaint that "[Jacobs] was operating the tractor-trailer under the authority and control of his employer or contractor, of defendant YRC," [9 (Answer & Affirmative Defense) at ¶ 16], nor the allegations that on the date of the accident "Defendant [Jacobs] was operating the tractor-trailer in the course and scope of his employment with defendant YRC," [*id.* at ¶ 18].

Thus, YRC does not specifically admit that Jacobs was an employee/driver of YRC. Nevertheless, if YRC later attempted an about face to argue it was not in fact subject to vicarious liability for Jacobs' conduct, the Court notes that judicial estoppel would likely apply. See *Gilliam-Nault*, 2019 WL 2208287, at *2 (noting judicial estoppel precludes a party from abandoning a position on which it has prevailed in earlier litigation (citing *Zedner v. United States*, 547 U.S. 489, 504 (2006))). In the alternative, Defendants' failures to admit or deny also likely would operate as an admission. See [9 (Answer & Affirmative Defense) at ¶¶ 16, 18] (neither admitting nor denying Plaintiffs' allegations that Defendant Jacobs acted "under the authority and control of his employer or contractor, of defendant YRC," and that "[Jacobs] was operating the tractor-trailer in the course and scope of his employment with defendant YRC").